**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5080**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

KSENIA STEKOLSTSIKOVA,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, District Judge.  (2:09-cr-00003-MSD-TEM-18)

Submitted: July 14, 2010              Decided:  July 21, 2010

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Paul G. Watson, IV, PAUL G. WATSON, IV, P.C., Eastville, Virginia, for Appellant. Stephen Westley Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ksenia Stekolstsikova appeals from her conviction and twenty-month sentence entered pursuant to her guilty plea to conspiracy to defraud the United States. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the sentence was unreasonably long. In her pro se supplemental brief, Stekolstsikova asserts that the presentence report ("PSR") contained errors, that the court improperly considered her co-conspirators' sentences when choosing the appropriate sentence, and that her attorney was ineffective during the sentencing hearing. The Government filed a motion to dismiss the appeal on the basis of the appellate waiver contained in Stekolstsikova's plea agreement.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). On appeal, Stekolstsikova does not challenge the validity of her appellate waiver. She argues only that certain claims are not foreclosed by the waiver. Our independent review of the record supports the conclusion that Stekolstsikova voluntarily and knowingly waived her right to appeal as part of the decision to plead guilty rather than go to trial. Thus, we conclude that the waiver is valid and enforceable.

However, as noted by Stekolstsikova, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The only claim raised by Stekolstsikova that falls outside the scope of her appellate waiver is her assertion that counsel was ineffective during her sentencing hearing. In addition, we are charged under Anders with reviewing the record for unwaived error. Thus, we grant the Government's motion to dismiss in part and dismiss the claim raised by counsel, as well as the remaining claims in Stekolstsikova's pro se brief. We deny the motion to dismiss with regard to Stekolstsikova's ineffective assistance claim, as well as any unwaived claims discovered during our Anders review.

In her claim of ineffective assistance of counsel at the sentencing hearing, Stekolstsikova asserts that her counsel withdrew objections to the PSR without her consent. She lists certain alleged factual errors in the PSR, but she fails to show

3

how pursuing these objections would have altered her Guidelines range or her actual sentence. In any event, claims of ineffective assistance of counsel are generally not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring her claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. See id. An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Our review of the record fails to conclusively establish ineffective assistance. Thus, Stekolstsikova's claim is not cognizable on direct appeal. Moreover, our review of the record did not disclose any unwaived, meritorious claims for review. Accordingly, we affirm Stekolstsikova's sentence. We deny Stekolstsikova's motion to substitute counsel.

This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;<br>AFFIRMED IN PART